UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JACQUELINE SACCOCCIO,                   :
                                        :
                        Plaintiff,      :      06 Civ. 14351 (DLC)
                                        :
            -v-                         :      MEMORANDUM OPINION
                                        :          AND ORDER
RELIN, GOLDSTEIN & CRANE, LLP,          :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X

Appearances:

For Plaintiff:
Christopher P. Foley
McCormick Dunne & Foley
61 Broadway, Suite 2100
New York, NY 10006

For Defendant:
Mark K. Broyles
Relin Goldstein & Crane LLP
28 East Main Street, Suite 1800
Rochester, NY 14614


DENISE COTE, District Judge:

        Defendant Relin Goldstein & Crane, LLP, ("RGC") has moved

to transfer this action to the Western District of New York,

where it is located.  Plaintiff Jacqueline Saccoccio

("Saccoccio") opposes the transfer.  Pursuant to 28 U.S.C. §

1404 ("Section 1404"), the motion to transfer is denied.

BACKGROUND

On December 12, 2006, the plaintiff, a resident and citizen of Connecticut, filed a complaint in this district against RGC, a law firm organized as a limited liability partnership in New York with a principal place of business in Rochester, New York. Saccoccio contends that the defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), and that on or about April 4, 2006, RGC mailed her a letter seeking to collect $643.46 that she allegedly owed to one of its clients.  The plaintiff claims that RGC thereby failed to disclose that it was attempting to collect a debt, failed to furnish required debt validation information, and engaged in false, deceptive and misleading practices in violation of various provisions of the FDCPA, 15 U.S.C. § 1692, et seq.  Saccoccio seeks actual damages and statutory damages, costs, and attorney fees.


DISCUSSION

The standard for a motion to transfer venue pursuant to Section 1404 is well established.  Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A district court has broad

discretion to grant or deny motions to transfer and makes its
determination based on "notions of convenience and fairness on a
case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462
F.3d 95, 106 (2d Cir. 2006); see also Azari v. B & H Photo
Video, 06 Civ. 7825 (DLC), 2007 WL 13101, at *1-2 (S.D.N.Y. Jan.
3, 2007).  The movant bears the burden of establishing that
transfer is warranted.  Azari, 2007 WL 13101, at *1.  If the
transferee court also has jurisdiction over the case, the court
must determine whether, considering the "convenience of parties
and witnesses" and the "interest of justice," a transfer is
appropriate.  Id.  The factors a court considers in making that
determination include

> (1) the plaintiff's choice of forum, (2) the convenience of
> witnesses, (3) the location of relevant documents and
> relative ease of access to sources of proof, (4) the
> convenience of parties, (5) the locus of operative facts,
> (6) the availability of process to compel the attendance of
> unwilling witnesses, [and] (7) the relative means of the
> parties.

D.H. Blair, 462 F.3d at 106-07 (citation omitted).  A court may
also consider "the forum's familiarity with the governing law,"
and "trial efficiency and the interest of justice, based on the
totality of the circumstances." Berman v. Informix Corp., 30 F.
Supp. 2d 653, 657 (S.D.N.Y. 1998).  The plaintiff's choice of
forum should not be disturbed "unless the defendants make a
clear and convincing showing that the balance of convenience
favors defendants' choice."  Id. at 656 (citation omitted).

The parties do not dispute that the Western District of New York has jurisdiction over the instant action.  Ordinarily, courts should defer to a plaintiff's choice of forum.  Such choice is entitled to less deference, however, when the forum is "neither the [plaintiff's] home nor the place where the operative facts of the action occurred."  Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (citation omitted). While it is undisputed that the plaintiff is a resident of Connecticut, she received the defendant's April letter on which she bases her claim at the art studio she maintains with her husband in the Southern District of New York.  Because plaintiff has filed suit within the district to which the defendant sent the letter and in which she received it, her choice of forum is entitled to deference.

The convenience of the parties also calls for retention of the action in the Southern District of New York.  While the plaintiff, a resident of West Cornwall, Connecticut, must leave her home jurisdiction to litigate this action, the Southern District of New York is far more convenient to her than the Western District of New York.  The plaintiff regularly travels to this district each week to paint in her New York City art studio.  The defendant will be required to travel from Rochester to defend this suit, but has not shown that this travel will impose any significant burden on it.

4

The other Section 1404 factors may be quickly determined to be neutral.  The locus of operative facts in this litigation is a neutral factor.  While the defendant sent the April 4 letter from the Western District of New York, the plaintiff received the letter at her art studio in the Southern District of New York.  Similarly, both the Southern and Western Districts of New York are equally capable of applying the FDCPA and adjudicating this case efficiently.

Neither the convenience of witnesses nor the location of documents favors either party.  The defendant argues that most of the witnesses with knowledge of the issues in the litigation are employees of RGC and are located in the Western District as are any relevant documents.  While the plaintiff contests these assertions, neither party has named any witnesses or specific documents that should be considered in the disposition of the instant motion.[1]  As a result of this failure, the availability of process to compel witnesses is a neutral factor.

The relative means of the parties is also neutral.  While it may be more convenient for the plaintiff to travel from her

---

[1] The plaintiff objects that RGC has not met its burden of proof with respect to demonstrating that the convenience of witnesses calls for transfer because it did not "clearly specify the key witnesses to be called" as the Second Circuit requires when parties seek transfer under Section 1404(a).  Panama Processes, S.A. v. Cities Serv. Co., 650 F.2d 408, 417 (2d Cir. 1981) (citation omitted).

home in West Cornwall, Connecticut to the Southern District of New York as opposed to the Western District of New York, she has not shown that litigating this action in the Western District will impose any significant financial burden on her.  The defendant has also failed to show that it would be adversely impacted if this case were litigated in the Southern District.

In sum, the defendant has not shown that the plaintiff's choice of forum is trumped by the interests of efficiency and justice.  Having chosen to send the letter to the plaintiff in the Southern District of New York, there is no unfairness in requiring the defendant to defend its actions in this district.

CONCLUSION

The motion by the defendant to transfer this lawsuit to the Western District of New York is denied.

SO ORDERED:

Dated:     New York, New York
           May 7, 2007

                                        DENISE COTE
                                United States District Judge